Michael CARTER, et al., Plaintiffs,

v.

J. L. KURZEJESKI, et al., Defendants.

No. 82–4067–CV–C–5.

United States District Court,
W. D. Missouri, C. D.

May 11, 1982.

Mitchell J. Notis, A. F. G. E., AFL–CIO, Washington, D. C., Steven Gladstone, Columbia, Mo., for A. F. G. E., Local 3399, AFL–CIO.

Robert G. Ulrich, U. S. Atty., Larry D. Coleman, Asst. U. S. Atty., Kansas City, Mo., for defendants.

## ORDER

SCOTT O. WRIGHT, District Judge.

The defendants have moved to dismiss this cause on the grounds that this Court lacks subject matter jurisdiction and that the plaintiffs have failed to state a claim on which relief can be granted. The plaintiffs Carter, Denson and the American Federation of Government Employees, Local 3399 ("Union") filed an unverified complaint for a temporary restraining order, a preliminary and permanent injunction, a declaratory judgment and other relief on March 26, 1982. Jurisdiction was alleged under 28 U.S.C. § 1331(a), 28 U.S.C. §§ 2201 and 2202, and 5 U.S.C. § 701 *et seq.*

Denson, the Chief Shop Steward of the Union, has alleged that the defendants, in taking an adverse personnel action against him, have displayed anti-union animus toward him and have interfered with the exercise of his first amendment rights. Carter, the President of the Union, has made a similar allegation. In addition, the Union alleges that the adverse personnel actions taken by the defendants against Denson and Carter have chilled the exercise of first amendment rights by other Union members in violation of 5 U.S.C. §§ 7114, 7116(a)(1), 7116(a)(2), 7116(a)(4), and 7116(a)(8) and have interfered with the rights of Union members to join and assist labor unions without fear of reprisals in violation of 5 U.S.C. § 7102. On March 26, 1982, this Court temporarily restrained the

defendants from firing Carter. The hearing on the preliminary injunction was cut short by the Court so that the parties could submit further briefing on the motion to dismiss. The defendants agreed not to take any adverse personnel action with respect to Carter until after the Court ruled on the defendants' motion to dismiss. The Court has expedited its handling of the motion to dismiss and now finds, for the reasons which follow, that the defendants' motion to dismiss must be granted.

### I.

As their initial ground for their motion to dismiss, the defendants assert that Carter and Denson have failed to exhaust their administrative remedies. Carter and Denson have alleged that the defendants have taken adverse personnel actions against them on account of their strident public criticism of the defendants' management practices. Both have sought to have their removals redressed through the grievance procedures established in the collective bargaining agreement entered into between the Union and the defendants. The defendants assert that Carter and Denson must exhaust their administrative remedies under the grievance procedures.

Unless Carter and Denson have been frustrated in their attempts to utilize the grievance procedures for the settlement of their dispute with the defendants, their independent suit against the employer must be dismissed. *Warren v. International Brotherhood of Teamsters,* 544 F.2d 334, 337–38 (8th Cir. 1976). *See also Vaca v. Sipes,* 386 U.S. 171, 184, 87 S.Ct. 903, 913, 17 L.Ed.2d 842 (1967); *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). The two, however, have not met with any recalcitrance in the processing of their removal grievances. In fact, the collective bargaining agreement under which the parties labor provides a grievance procedure for adverse personnel actions, including removals, and binding arbitration for resolution of all disputes cognizable under the agreement. The agreement

prohibits the defendants from committing unfair labor practices as described in 5 U.S.C. § 7116 and from discriminating against Union members on the basis of their Union activities. So long as the parties to a collective bargaining agreement provide for the binding arbitration of disputes between the employer and the employee, the employee cannot sidestep the grievance machinery. *Warren, supra*, at 337–38.

■ Carter and Denson argue that they are entitled to sue in this Court on the ground that they are being removed from their jobs on account of their exercise of first amendment rights which cannot be protected by the Federal Labor Relations Authority ("FLRA"). Their attempt to draw a distinction between a "constitutional" grievance and an "unfair labor practice" grievance is misplaced so long as their complaint arises out of the context of union activities. *See Kelly v. U. S. Postal Service*, 492 F.Supp. 121 (S.D.Ohio 1980). In *Kelly*, the plaintiffs wore buttons to work which proclaimed "Death to the Shah—U. S. Imperialism get your Bloody Hands Off of Iran" and were met with adverse personnel actions. The Court found that the employees were engaged in "purely political" speech which did not relate to their jobs or status as employees. *Id.* at 126. The Court properly observed, however, that employee speech governing the concerns of employees is protected by the Labor Management Relations Authority and any retaliatory action by the employer in response to the speech is a potential unfair labor practice. *Id.* (citing *Eastex, Inc. v. NLRB*, 437 U.S. 556, 563–70, 98 S.Ct. 2505, 2511–14, 57 L.Ed.2d 428 (1978)). In these cases where speech is focused on the concerns of employees, deference to the governing labor relations authority is required even if a constitutional claim is involved. *Id.* The principle is the same regardless of whether the employee must turn to the National Labor Relations Board or the Federal Labor Relations Authority. *Cf. United States v. Patco*, 653 F.2d 1134, 1139–40 (7th Cir. 1981) (analogous nature of the two).

■ Assuming that Carter and Denson were removed on account of their criticisms directed toward the management practices of the defendants, they have an exclusive remedy under the FLRA to which they could have turned. *See*, 5 U.S.C. § 7701 *et seq.* The two may, in their discretion, file an unfair labor practice charge against the defendants. *See* 5 U.S.C. § 7116(d). They chose, however, to follow the grievance procedures. In either event, redress is not available in this Court because the entire field of unfair labor practices has been preempted by the FLRA. *Dept. of Defense v. FLRA*, 659 F.2d 1140, 1144 (D.C.Cir.1981); *National Federation of Federal Employees v. Defense Language Institute*, 493 F.Supp. 675, 677 (N.D.Cal.1980); *Clark v. Mark*, Slip op. 79–CV–77 (N.D.N.Y.1980). Thus, the complaint of Carter and Denson must be dismissed.

## II.

As their ground for dismissal of the Union's complaint, the defendants assert that this Court is without jurisdiction because the Union has filed a complaint with the FLRA. The Union admits that the FLRA has jurisdiction over its claims, but argues that the FLRA "will likely deny it has such jurisdiction." The Union's observation is both premature and incorrect. Not only does the FLRA require that an investigation of all charges must be conducted, but the General Counsel of the FLRA has advised the parties that the Regional Offices of the FLRA are currently engaged in the investigation of all unfair labor practice charges.

■ To the extent that the Union has filed a charge with the FLRA, this Court lacks jurisdiction over the Union's complaint. *Defense Language Institute, supra*, at 681. *See also Dept. of Defense v. FLRA, supra*, at 1144 (discussion of legislative history and preemption). Thus, the Union's claim must be dismissed because this Court lacks subject matter jurisdiction over it.

Accordingly, it is hereby

ORDERED that the defendants' motion to dismiss is granted.